UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID MARK FRENTZ, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:13-cv-1311-TWP-DKL |
| ) | |
| RICHARD BROWN, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

David Mark Frentz has filed a motion seeking an evidentiary hearing in support of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). The respondent has opposed that motion. The habeas petition itself has been fully at issue since February 10, 2014.

This action is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of AEDPA significantly limit the circumstances in which a habeas court is allowed to grant evidentiary hearings. 28 U.S.C. § 2254(e)(2). AEDPA provides that the district court shall not hold an evidentiary hearing "if the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). This standard requires the exercise of diligence by a habeas petitioner. *See Williams v. Taylor,* 529 U.S. 420, 432 (2000). If the record shows that petitioner is guilty of a lack of diligence, or some greater fault, in failing to develop the factual basis of the claim in the state courts, then the habeas court is likewise required to deny an evidentiary hearing. *Id*. AEDPA sets forth exceptions to this bar, which apply to new rules of constitutional law, factual predicates that

could not have been previously discovered through the exercise of diligence, and facts showing actual innocence by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(A), (B).

In light of the foregoing, and given Frentz's failure to fit his request for a hearing into any of the circumstances showing that a hearing can be conducted, the motion for hearing [dkt. 20] is **denied**.

**IT IS SO ORDERED.**

Date: 03/05/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel